**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No.  13-cv-01105-REB-MJW

EDWARD H. PHILLIPS, an individual,

    Plaintiff,

v.

DUANE MORRIS, LLP, a limited liability partnership,
JOHN C. HERMAN, individually and as partner of Duane Morris, LLP, and
ALLEN C. GREENBERG, individually and as a partner of Duane Morris, LLP,

    Defendants.

**ORDER OVERRULING OBJECTIONS TO AND ADOPTING
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

The matters before me are (1) the magistrate judge's **Recommendation on Defendants' Motion for Partial Summary Judgment (Docket No. 52)** [#67],[1] filed May 9, 2014; and (2) **Defendants' Objections to the Magistrate Judge's Recommendation on Defendants' Motion for Partial Summary Judgment** [#74], filed May 23, 2014.  I overrule the objections, adopt the recommendation, and deny the apposite motion.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed, and have considered carefully the recommendation, objections, and applicable caselaw.  The recommendation is detailed

---

[1] "[#67]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

and well-reasoned.  Defendants' arguments ultimately are unpersuasive

Defendants argue first that the magistrate judge erred in concluding that Colorado courts would not recognize the doctrine of "judgmental immunity" for an attorney's tactical decisions.  Regardless whether the courts of Colorado would recognize such a doctrine by that name or otherwise, defendants fail to appreciate that the doctrine is not an immunity in the true sense.  Rather, it is little more than the recognition of the unremarkable, well-established principle that an attorney cannot be found liable for mistakes made in the honest exercise of professional judgment within the standard of reasonable care:

> The core of this rule is nothing more than a tautology; it has always been clear that so long as an attorney exercises a reasonable degree of skill and care he will not suffer liability. Adopting a separate rule that restates that cardinal principle of our malpractice jurisprudence and denominates it an "immunity" certainly is *de trop*.

***Harris Teeter, Inc. v. Moore & Van Allen, PLLC***, 701 S.E.2d 742, 756 (S.C. 2010). ***See also Woodruff v. Tomlin***, 616 F.2d 924, 930 (6th Cir.) ("To hold that an attorney may not be held liable for the choice of trial tactics and the conduct of a case based on professional judgment is not to say, that an attorney may not be held liable for any of his actions in relation to a trial.  He is still bound to exercise a reasonable degree of skill and care in all of his professional undertakings."), ***cert. denied***, 101 S.Ct. 246 (1980); ***Jones v. Lattimer***, – F.Supp.2d –, 2014 WL 869470 at *4-5 (D.D.C. March 6, 2014) ("[D]espite the . . . use of the term 'immunity,' . . . an attorney in a legal malpractice suit must still prove that he or she exercised reasonable care or acted as a reasonable attorney would under the same circumstances in order to avoid liability.") (citations and

internal quotation marks omitted); ***Biomet Inc. v. Finnegan Henderson LLP***, 967 A.2d 662, 666 (D.C. App. 2009) ("Central to the doctrine is the understanding that an attorney's judgmental immunity and an attorney's obligation to exercise reasonable care coexist such that an attorney's non-liability for strategic decisions is conditioned upon the attorney acting in good faith and upon an informed judgment after undertaking reasonable research of the relevant legal principals and facts of the given case.") (citation and internal quotation marks omitted); ***Sun Valley Potatoes, Inc. v. Rosholt, Robertson & Tucker***, 981 P.2d 236, 239 (Idaho 1999) ("Rather than being a rule which grants some type of 'immunity' to attorneys, [judgmental immunity] appears to be nothing more than a recognition that if an attorney's actions could under no circumstances be held to be negligent, then a court may rule as a matter of law that there is no liability."). Defendants' argument therefore assumes what it seeks to prove – that is, that defendants' tactical decisions in representing plaintiff during settlement negotiations in the underlying patent case were within the standard of care. Genuine disputes of material fact exist as to this ultimate question, and summary judgment therefore is inappropriate. **Fed. R. Civ. P.** 56(a).

      Defendants further ascribe error to the magistrate judge's determination that genuine disputes as to material facts precluded summary judgment on the issue of causation. Defendants represent that the key issue in determining whether they are liable for professional negligence is whether the Honorable Marcia S. Krieger, Chief Judge of the United States District Court for the District of Colorado, who presided over the patent case, would have granted a stay of her ruling on the patent defendants' Rule

50 motion for judgment as a matter of law while the parties pursued post-trial settlement negotiations.  They suggest that this is an issue for the court to resolve.  I agree.  ***Lariviere, Grubman & Payne, LLP v. Phillips***, 2011 WL 650001 at *14 (D. Colo. Feb. 11, 2011).  Nevertheless, it does not follow that the issue becomes one of law that necessarily must be resolved on summary judgment.  Instead, causation in this particular instance remains an issue of fact, even though the court is the ultimate fact-finder.[2]  The court agrees with the magistrate judge that the current record admits of numerous genuine disputes as to material facts that may impact determination of this issue.

    I thus find and conclude that the arguments advanced, authorities cited, and findings of fact, conclusions of law, and recommendation proposed by the magistrate judge should be approved and adopted.

    **THEREFORE, IT IS ORDERED** as follows:

    1.  That the magistrate judge's **Recommendation on Defendants' Motion for Partial Summary Judgment (Docket No. 52) [#67]**, filed May 9, 2014, is **APPROVED** and **ADOPTED** as an order of this court;

    2.  That the objections stated in **Defendants' Objections to the Magistrate**

---

[2]  The cases on which defendants rely are not entirely on point.  They involve malpractice claims premised on the failure to perfect an appeal, which necessarily requires a determination whether the court of appeals would have granted review had appeal been perfected and, if so, whether it would have rendered a determination favorable to the client.  ***See Halvorsen v. Ferguson***, 735 P.3d 675, 679 & n.2 (Wash. App. 1986) (citing ***Daugert v. Pappas***, 704 P.2d 600, 603-04 (Wash. 1985)).  As the Washington Supreme Court recognized, these issues "depend[] on the analysis of the law and the rules of appellate procedure."  ***Daugert***. 704 P.2d at 604.  The issue in this case – whether Judge Krieger (or some other reasonable judge) would have granted the stay – is informed by practical, factual considerations, not legal ones.  Moreover, analyzing those circumstances on the present record, I cannot say as a matter of law that a reasonable jurist would not have granted the brief stay contemplated herein.

**Judge's Recommendation on Defendants' Motion for Partial Summary Judgment**

[#74], filed May 23, 2014, are **OVERRULED**; and

    3.  That **Defendants' Motion for Partial Summary Judgment** [#52], filed March 24, 2014, is **DENIED**.

Dated May 28, 2014, at Denver, Colorado.

                                    **BY THE COURT:**

*Bob Blackburn* (signature)
Robert E. Blackburn
United States District Judge