IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01105-REB-MJW

EDWARD H. PHILLIPS

Plaintiff,

v.

DUANE MORRIS, LLP,
JOHN C. HERMAN, and
ALLEN L. GREENBERG,

Defendants.

---

## REPORT & RECOMMENDATION
### on

## DEFENDANTS' MOTION FOR REVIEW OF CLERK'S DECISION ON TAXING OF COSTS
### (Docket No. 127)
### and

## PLAINTIFF'S MOTION FOR REVIEW OF CLERK'S BILL OF COSTS
### (Docket No. 128)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

Following a jury verdict in their favor, Defendants submitted a bill of costs totaling

$159,774.53.  (Docket No. 113.)  The Clerk of Court approved an award of

$105,713.96.  (Docket No. 117.)  Both parties filed motions to review the award of costs,

and District Judge Robert E. Blackburn referred the cross-motions to the undersigned.

The Court has considered the motions (Docket Nos. 127 & 128) and briefs

(Docket Nos. 132, 133, 134, & 135, along with 115 & 116), taken notice of the court's

file, and considered the relevant Federal Rules of Civil Procedure, statutes, and case

2

law.  Now being fully informed, the Court RECOMMENDS that both motions be DENIED but that the Clerk be directed to tax only $48,087.10 against Plaintiff.

## Background

This is a legal-malpractice case.  Defendants previously represented Plaintiff in patent litigation in this court, Case No. 97-cv-00212 before Chief Judge Marcia S. Krieger.  In that case, Defendants had negotiated and very nearly secured a $4 million settlement for Plaintiff—but never filed a motion to stay proceedings, and eventually saw the settlement upended by an unfortunately-timed ruling from Chief Judge Krieger. Plaintiff ended up settling for only $2.55 million.  He then filed this suit, arguing that Defendants were negligent and ought to compensate him for the lost portion of the settlement.  In February, Defendants made an offer of judgment for $5,000 under Federal Rule of Civil Procedure 68; Plaintiff declined the offer, and the parties conducted an eight-day jury trial before Judge Blackburn in June 2014.

Following the defense verdict, Defendants submitted their bill of costs.  The bill and the Clerk's award are summarized as follows:

|  | Requested | Awarded | Difference |
|---|---|---|---|
| copies & fees | $749.80 | $692.50 | $57.30 |
| deposition costs | $7,043.40 | $7,043.40 | $0.00 |
| ESI costs | $2,934.83 | $2,934.83 | $0.00 |
| e-filing, related costs | $452.88 | $452.88 | $0.00 |
| expert witness fees | $82,200.02 | $72,212.52 | $9,987.50 |
| trial costs (witness travel, etc.) | $20,790.29 | $17,840.62 | $2,949.67 |
| jury focus group | $38,772.01 | $0.00 | $38,772.01 |
| deposition costs not included above | $1,811.88 | $88.01 | $1,723.87 |

3

| | | | |
|---|---|---|---|
| Westlaw, miscellaneous costs | $5,019.42 | $4,449.20 | $570.22 |
| Total | $159,774.53 | $105,713.96 | $54,060.57 |

Defendants object to the Clerk's award, arguing that most of the disallowed expert-witness fees were not duplicative (as the Clerk found), and that the jury focus group was reasonably necessary and should be allowed.  Plaintiff also objects to the Clerk's award, arguing that $3,871.90 in deposition expenses were incurred before the offer of judgment and should not be awarded, that Defendants' hotel costs were unreasonably high to the tune of $3,729.73, and that the miscellaneous and Westlaw expenses are either unnecessary or unproven.

## Analysis

"Unless a federal statute, the [Federal Rules of Civil Procedure], or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  Fed. R. Civ. Pro. 54(d)(1).  The award of costs under this Rule is limited to those costs specified in 28 U.S.C. § 1920.  *Sorbo v. United Parcel Service*, 432 F.3d 1169, 1179 (10th Cir. 2005).  The prevailing party may thus be awarded:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of [Title 28 of the United States Code]; [and]

4

      (6) Compensation of court appointed experts, compensation of interpreters, and
          salaries, fees, expenses, and costs of special interpretation services under
          section 1828 of [Title 28].

28 U.S.C. § 1920.  As to subsection (3), 28 U.S.C. § 1821 provides further rules for

witness costs.

     The award of costs under Rule 54(d)(1) "rests in the sound discretion of the trial

court," *Sorbo*, 432 F.3d at 1178–79, but other provisions of law can make the taxing of

costs mandatory.  For example, as Plaintiff points out, under Rule 68(d), where an offer

of judgment has been made but not accepted and "the judgment that the offeree finally

obtains is not more favorable than the unaccepted offer, the offeree must pay the costs

incurred after the offer was made."  Fed. R. Civ. Pro. 68(d).  Plaintiff's reliance on Rule

68 is misplaced because the rule is "simply inapplicable" where, as here, the judgment

is for the defendant.  *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981); *Marx v.

General Revenue Corp.*, 668 F.3d 1174, 1182 (10th Cir. 2011).  That said, many states

have statutes of similar effect, and those laws frequently apply in diversity cases.

*Garcia v. Wal-Mart Stores, Inc.*, 209 F.3d 1170, 1176–77 (10th Cir. 2000).

     Colorado's offer-of-settlement statute, also invoked by the parties here, is one

such statute.  *Id.*  When it applies, costs must be awarded pursuant to it unless the

costs are "preempted by a federal statute such as 28 U.S.C. § 1821."  *Id.* at 1179.  And

it covers a broader universe of costs than does 28 U.S.C. § 1920:

      For purposes of this section, "actual costs" shall not include attorney fees
      but shall mean costs actually paid or owed by the party, or his or her
      attorneys or agents, in connection with the case, including but not limited
      to filing fees, subpoena fees, reasonable expert witness fees, copying
      costs, court reporter fees, reasonable investigative expenses and fees,

> reasonable travel expenses, exhibit or visual aid preparation or
> presentation expenses, legal research expenses, and all other similar fees
> and expenses.

C.R.S. § 13-17-202(b).  It is the reach of this statute that controls most of the questions raised by the parties.

### *Issue 1: $9,722.50 in expert-witness fees*

As the Tenth Circuit held in *Garcia*, Colorado's statute can be applied only to types of costs not already controlled by federal law.  209 F.3d at 1178–79 & n.8.  The *Garcia* court carefully noted that witness fees, including expert witness fees, are already covered by a comprehensive federal scheme and cannot be awarded under the state statute.  *Id.* at 1177 n.5, 1178 n.8, 1179 n.10.  Courts in this district follow the Tenth Circuit's lead and decline to award expert witness fees under Colorado law.  *See, e.g.*, *Bullock v. Wayne*, Case No. 08-cv-00339-PAB-KMT, 2010 WL 1258038, at *2 (D. Colo. Mar. 29, 2010); *Grabau v. Target Corp.*, Case No. 06-cv-01308-WDM-KLM, at *1 (D. Colo. Mar. 18, 2009).  *But see Squires v. Breckenridge Outdoor Educ. Ctr.*, Case No. 10-cv-00309-CBS-BNB, 2013 WL 1231557, at *3 (D. Colo. Mar. 27, 2013) (concluding to the contrary).

Accordingly, the Clerk did not err by disallowing part of Defendants' expert witness costs, but did err by not disallowing more.[1]  These costs may not be taxed to Plaintiff beyond the $40 per day provided by 28 U.S.C. § 1821(b) and the experts' time

---

[1] This error was not due to any negligence by the Clerk—Plaintiff did not object to the vast majority of Defendants' requested expert-witness fees.  (*See* Docket No. 115.)

6

responding to Plaintiff's discovery requests as provided in Fed. R. Civ. P. 26(b)(4)(E).
*See, e.g.*, *Brown v. Butler*, 30 F. App'x 870, 874–76 (10th Cir. 2002).

Defendants' bill of costs claimed a total of $24,625.22 for expert witness Jeff
Pagliuca.  Of that amount, $3,237.85 appears directly attributable to being deposed by
Plaintiff—7.6 hours of preparing for and being deposed, at $425 per hour, along with an
$7.85 courier charge.  Mr. Pagliuca testified at trial on one day.  (Docket No. 108.)
Thus, Plaintiff may be taxed $3,277.85 for Mr. Pagliuca.

Defendants' bill of costs claimed a total of $55,124.80 for expert witness Gregory
Tamkin.  Of that amount, $11,267.81 (billed from March 20, 2014, through May 5, 2014)
appears directly attributable to being deposed by Plaintiff—20.5 hours of preparing for
and being deposed, at $530 per hour, along with research charges.  Given the
complexity of the underlying litigation, the Court does not find the amount of time Mr.
Tamkin spent preparing for his deposition to be unreasonable, nor his hourly rate.  Mr.
Tamkin testified at trial on one day.  (Docket No. 108.)  Thus, Plaintiff may be taxed
$11,307.81 for Mr. Tamkin.

Thus, Plaintiff may be taxed a total of $14,585.66 for Defendants' expert
witnesses.  The Court recommends that the Clerk be directed to reduce the costs taxed
by $57,626.86 to reflect the appropriate amount.

### *Issue 2: $38,772.01 spent on a jury focus group*

Defendants spent nearly forty thousand dollars on a jury focus group:

| professional fees -- document review, questionnaire design, research design, presentation review, analysis, report, recommendations | $26,950.00 |
|---|---|

| facility charges | $1,850.00 |
|---|---|
| recruiting | $3,000.00 |
| mock juror incentives | $4,200.00 |
| early bird incentives | $100.00 |
| dvd recording | $350.00 |
| client food | $550.00 |
| respondent food | $390.00 |
| respondent parking | $408.00 |
| copies -- questionnaires, reports, etc. | $359.60 |
| data entry | $4,425.00 |
| project management/admin | $5,375.00 |
| retainer-relationship discount | ($12,000.00) |
| airfare | $1,002.00 |
| airfare | $200.00 |
| hotel | $985.15 |
| car service | $98.64 |
| catered food | $199.26 |
| food | $11.26 |
| food | $16.95 |
| food | $28.99 |
| car service | $90.00 |
| car service | $90.00 |
| taxi fare | $6.00 |
| taxi fare | $6.00 |
| car service | $80.16 |
| | |
| **Total:** | **$38,772.01** |

The parties disagree over whether this case was complex enough to warrant a focus group.  The Court need not resolve that question, however, because the expenses cannot be taxed to Plaintiff as costs anyway.  Every case cited by Defendant is a case in which the prevailing party was also entitled to attorneys' fees—and more often than not, the expense at issue was attorneys' hours spent on the focus group or

8

mock trial.  *See, e.g., Clawson v. Mountain Coal Co.*, Case No. 01-cv-02199-MSK-MEH, 2007 WL 4225578, at *14 (D. Colo. Nov. 28, 2007) (debating reasonableness of trial consultant in a claim for attorneys' fees under 42 U.S.C. § 1988); *Sigley v. Kuhn*, 205 F.3d 1241 (table), 2000 WL 145187, at *9 (6th Cir. Jan. 31, 2000) (approving $2,065.28 in expenses related to mock trial where attorneys' fees also allowed); *Majestic Box Co. v. Reliance Ins. Co. of Ill.*, 1998 WL 720463, at *5 (E. D. Pa. Sept. 2, 1998) (approving counsel's hours spent in mock trial in an award for attorneys' fees).

Defendants rely most heavily on *Clawson*, which in turn relied on *BD v. DeBuono*, 177 F. Supp. 2d 201 (S.D. N.Y. 2001).  That case reasoned that such expenses were properly treated as attorneys' fees, not costs:

> Litigation consultants (also known as litigation support specialists) are trained in various aspects of courtroom practice and procedure. They are consulted by litigators to hone their trial skills in the context of a particular case.  It seems to this Court that litigation consultants, used in the manner that plaintiffs' counsel used them here, are the equivalent of additional attorneys or legal para-professionals.  The services they provide are not those of an expert witness, which has been the traditional purview of "expert fees."  [They] provided neither substantive testimony nor information relating to the underlying dispute.  Therefore, even though they are expert at what they do, they do not fall within the rubric of "experts" as that term traditionally has been used.
>
> If plaintiffs' counsel had organized mock trials themselves, or done their own jury consulting research, the hourly rates they charged for those services would be reimbursable as part of an attorneys' fee award.  The fact that counsel chose to engage the services of an independent contractor to perform those same services, rather than assign the same work to employees, does not alter the nature of the services rendered. DOAR's litigation consulting services fall properly under the rubric of attorneys' fees . . . .

*Id.* at 204.  The Court finds this reasoning persuasive.  If Defendants were entitled to attorneys' fees, expenses of this type would be taxable if reasonably warranted by the case.  Here, however, Defendants are not entitled to attorneys' fees—and they are therefore not entitled to have Plaintiff reimburse them for their jury focus group.  Accordingly, the Clerk did not err in declining to tax the costs to Plaintiff.

### *Issue 3: $3,871.90 in deposition expenses*

Plaintiff argues that depositions costs incurred prior to Defendants' offer of judgment are not recoverable.  However, Rule 68 has no bearing on this case.  And these costs are generally recoverable, as a discretionary matter, under Rule 54(d)(1) and 28 U.S.C. § 1920.  *See Tilton v. Capital Cities/ABC Inc.*, 115 F.3d 1471, 1477–78 (10th Cir. 1997).  Plaintiff has provided no argument (other than misplaced reliance on Rule 68) as to why the depositions here might fall outside the general rule.  Accordingly, the Clerk did not err in taxing the costs to Plaintiff.

### *Issue 4: $3,729.73 in hotel costs*

Defendants stayed at the Brown Palace Hotel and at the Marriott Residence Inn during trial, averaging about $350 per night.  Plaintiff argues that Defendants are limited to the much lower federal *per diem* rate, under 28 U.S.C. § 1821.  However, that statute applies only to witnesses.  Some Defendants testified at trial, but as parties to the litigation they had an independent reason to be present at trial.  The Court concludes that a party's travel costs are not controlled by 28 U.S.C. § 1821 even if the party is also a witness.

10

Plaintiff has directed the Court to no federal authority setting the recoverable travel costs for litigants, as opposed to witnesses, and the Court has found none. The Court therefore concludes that the Colorado offer-of-settlement statute is not preempted as to this category of costs and should apply. Under Colorado law, travel expenses are taxable when they are reasonable. *See, e.g.*, *Catlin v. Tormey Bewley Corp.*, 219 P.3d 407, 416 (Colo. App. 2009). The Court agrees with Defendants, and the Clerk, that the costs Plaintiff objects to are reasonable under the circumstances. Accordingly, the Clerk did not err in taxing the costs to Plaintiff.

### *Issue 5: $4,449.20 in miscellaneous expenses*

Plaintiff objects to two items listed in Defendants' "miscellaneous" category. One of them is a $309.40 bill for Defendants' attorney to fly, once, to Georgia to meet with Defendants face-to-face. As noted above, Colorado taxes reasonable travel costs under its offer-of-settlement statute. *Catlin*, 219 P.3d at 416. The Court does not find a single trip to be unreasonable. Accordingly, the Clerk did not err in taxing it to Plaintiff.

Plaintiff also objects to $4,139.80 in Westlaw charges. Computerized legal research is properly taxable under C.R.S. § 13-17-202(b). *See, e.g.*, *Valentine v. Mountain States Mut. Cas. Co.*, 252 P.3d 1182, 1190–91 (Colo. App. 2011). Plaintiff argues that Defendants' research can't be taxed because the Westlaw invoice does not detail minutes of use and therefore might reflect a "flat fee" contract not attributable to any particular client. Plaintiff is wrong; the invoice allocates charges to a specific client, establishing conclusively that defense counsel does *not* use a flat fee. The fact that no minutes are identified suggests that defense counsel uses a per-transaction billing

method rather than an hourly method—and Plaintiff provides no explanation as to why a per-transaction method would be non-taxable.  Accordingly, the Clerk did not err in taxing these costs to Plaintiff.

## Recommendation

For the foregoing reasons, the undersigned RECOMMENDS that:

- Defendants' Motion for Review of Clerk's Decision on Taxing of Costs (Docket No. 127) and Plaintiff's Motion for Review of Clerk's Bill of Costs (Docket No. 128) be DENIED; and

- The Clerk of Court be directed to tax costs totaling $48,087.10 to Plaintiff, rather than the $105,713.96 previously determined.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions, Makin v. Colo. Dep't of Corr., 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated: November 18, 2014          /s/ Michael J. Watanabe
          Denver, Colorado          Michael J. Watanabe
                                     United States Magistrate Judge