**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-01105-REB-MJW

EDWARD H. PHILLIPS

    Plaintiff,

v.

DUANE MORRIS, LLP,
JOHN C. HERMAN, and
ALLEN L. GREENBERG,

    Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL**

**Blackburn, J.**

The matter before me is **Plaintiff's Motion for New Trial Pursuant to Fed. R. Civ. P. 59(a)** [#114],[1] filed August 11, 2014. I deny the motion.

### I. JURISDICTION

I have subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity of citizenship).

### II. STANDARD OF REVIEW

Plaintiff seeks a new trial on the ground that I erroneously excluded certain testimony during the trial of this case. When a case has been tried to a jury, a new trial may be granted "for any of the reasons for which new trial have heretofore been granted in actions at law in the courts of the United States." **FED. R. CIV. P.** 59(a)(1). In

---

[1] "[#114]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

general, a motion for new trial "is not regarded with favor and should only be granted with great caution." **United States v. Kelley**, 929 F.2d 582, 586 (10th Cir.), **cert. denied**, 112 S.Ct. 341 (1991). The decision whether to grant a new trial is committed to the sound discretion of the trial court. **Id.**

A new trial may be warranted based on an allegedly improper evidentiary ruling only if such ruling was both clearly erroneous and so prejudicial that "it can be reasonably concluded that with or without such evidence, there would have been a contrary result." **Hinds v. General Motors Corp.**, 988 F.2d 1039, 1049 (10th Cir. 1993). "Neither an error in the admission or exclusion of evidence nor an error in a ruling or order of the court, nor anything done or omitted by the court, can be grounds for granting a new trial unless the error or defect affects the substantial rights of the parties." **Stewart v. South Kansas and Oklahoma Railroad, Inc.**, 36 F.Supp.2d 919, 920 (D. Kan. 1999).

### III.  ANALYSIS

Plaintiff alleges error in the refusal to allow his wife, Diane Phillips, a lay witness, to testify to a hypothetical question regarding whether she would have agreed to authorize payment to defendant Duane Morris, LLP, of a $250,000 attorney fee had she known of certain unknown facts at the time payment was requested. Specifically, plaintiff's counsel inquired of Ms. Phillips:

> I want you to assume that if you would have been told before they took the $250,000 that they had not gotten a stay that would have deferred the judge's ruling and that they would have explained to you that that might have been their responsibility, would you have agreed to a $250,000 fee?

(**Def. Resp. App.**, Exh. B at 257.)  I sustained defendants' objection to this question under Fed. R. Evid. 602 and 701, but permitted plaintiff to make an offer of proof in writing.  (*See* **Plaintiff's Offer of Proof: Diane Phillips' Testimony Regarding the Payment of $250,000 Fee to Duane Morris, LLP** [#101], filed June 19, 2014.) Therein, plaintiff maintained that this question was proper and that he should be entitled further to inquire of Ms. Phillips as follows:

> What would you have done about paying Duane Morris $250,000 if on or before 12/29/2006, Duane Morris had told you and Mr. Phillips that they may not have acted reasonably in rejecting a proposed stay that, if requested, would have kept the court from issuing any order on the JMOL motion until after the end of 2006?
>
> What would you have done if Duane Morris had told you that on or before 12/29/2006, their total fees were less than $98,000?

(*Id.* at 4.)  After considering the proffer, I reiterated and supplemented my original ruling, concluding that in addition to soliciting improper lay testimony, the proffered questions also were impermissibly leading, in violation of Fed. R. Evid. 611(c), were irrelevant under Rule 401 given Ms. Phillips's acknowledgment that she did not have any input into the decision to approve the fee *vel non*.  Finally, I found that any marginal probativity that this line of questioning might have was substantially outweighed by the dangers of confusing the issues and misleading the jury, and thus further was excludable under Fed. R. Evid. 403.  (*See* **Def. Resp. App.**, Exh. C at 466-467.)

      Nothing in the instant motion convinces me that my determinations in this regard were in error.  Indeed, plaintiff merely reiterates the same arguments, based on the same legal authorities, submitted previously in connection with his offer of proof.  I find

them no more compelling or convincing now than I did when they were first presented for my consideration. Moreover, plaintiff has addressed only that much of my ruling that found the testimony inadmissible under Rules 602 and 701, suggesting no basis for disturbing my alternative – and wholly independently sufficient – reasons for exclusion of this evidence.

The reiterated objections of plaintiff continue to be without merit. Plaintiff's attempt to convince me that Ms. Phillips had personal knowledge of matters relevant to the payment of the fee is lengthy, but unavailing. The fact that Ms. Phillips generally handled the couple's finances cannot overcome her specific testimony that she was not Duane Morris's client and that she had no input into the specific decision to authorize payment of the fee. The testimony therefore is not based on Ms. Phillips's personal knowledge and is thus excludable under Rule 602.

This same infirmity infects any attempt to suggest that Ms. Phillips's responses to counsel's hypothetical questions would have been proper under Rule 701. A lay witness may not testify in the form of an opinion unless, *inter alia*, such testimony is "rationally based on the witness's perception." *See* FED. R. EVID. 701. "Thus, a lay witness's opinion testimony which constitutes speculation as to what might have been done or what might have occurred is 'not based on his first-hand perception of actual events,' and thus does not satisfy the requirements of Fed. R. Evid. 701." *Smith v. BNSF Railway Co.*, 2011 WL 4346341 at * 7 (W.D. Okla. Sept. 15, 2011) (quoting *Magoffe v. JLG Industries, Inc.*, 375 Fed. Appx. 848, 859 (10th Cir. April 7, 2010)). Given that Ms. Phillips was not a party to the decision to authorize payment of the fee,

her proffered testimony is even one step farther removed from any proper evidentiary basis, as it essentially would ask her to opine as to what her husband would have done had he known all the facts. Such testimony plainly is inadmissible under Rule 701.

Plaintiff's continued reliance on the Second Circuit's decision in **United States v. Cuti**, 720 F.3d 453 (2nd Cir. 2013), **cert. denied**, 135 S.Ct. 402 (2014), for the contrary position is unpersuasive. As I stated in response to plaintiff's previous proffer, the facts of that case are plainly distinguishable. The witnesses in **Cuti**, although not called as experts at trial, in fact both were accountants, and thus "fact witnesses of a unique sort." *Id.* at 458. Their testimony as to how, under established accounting rules, they would have accounted for certain real estate transactions had they known the true state of affairs is plainly not the same as Ms. Phillips's wholly speculative (and undoubtedly self-serving) estimation of how she might have reacted under different circumstances – assuming *arguendo*, of course, that she had any input into or influence over the decision whether to approve the fee in the first instance, a proposition which is not supported by her own testimony. **See id**. (noting that nature of questions asked of witnesses in **Cuti** "left little room for the witnesses to engage in speculation and ensured that their testimony fell near the fact end of the fact-opinion spectrum").

Finally, I find nothing to substantiate plaintiff's suggestion that these alleged errors, even if they did occur, impacted his substantial rights. Although plaintiff argues that the exclusion of the testimony impacted his ability to demonstrate actual reliance on defendant's allegedly false statements, here again, Ms. Phillips's testimony as to what she hypothetically would have done with knowledge of the true state of affairs has no

bearing on that inquiry.  Moreover, plaintiff's suggestion that this testimony was especially crucial given his inability to testify during the trial due to illness misstates the record.  Plaintiff became ill only after he had rested his case, having already elected not to take the stand himself, and having never indicated at any point that he would have testified but for his illness.

For these reasons, I find and conclude that the motion for new trial based on the exclusion of this evidence must be denied.

**THEREFORE, IT IS ORDERED** that **Plaintiff's Motion for New Trial Pursuant to Fed. R. Civ. P. 59(a)** [#114], filed August 11, 2014, is **DENIED**.

Dated January 5, 2015, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge